UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | CHAPTER 13 |
|    KHALEEL SHEIK AHAMED DESAQUE, : | |
|      Debtor : | |
| : | |
| JACK N. ZAHAROPOULOS, : | |
| STANDING CHAPTER 13 TRUSTEE, : | |
|      Movant : | |
| : | |
|    vs. : | |
| : | |
| KHALEEL SHEIK AHAMED DESAQUE, : | |
|      Respondent : | CASE NO.  1-25-bk-00667-HWV |

TRUSTEE'S OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN

AND NOW, this 17th day of June 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, and objects to the confirmation of the above-referenced Debtor's Plan for the following reasons:

    1.    Debtor's Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor has not submitted all or such portion of the disposable income to Trustee as required. More specifically,

Trustee alleges, and therefore avers, that Debtor's disposable income is greater than that of which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following amount:

    a.  Excess disposable income.

    2.    Failure to properly state the liquidation value in Section 1.B. of the Plan. Trustee calculates it at $109,992.00.

    3.    Trustee avers that Debtor's Plan is not feasible based upon the following:

    a.  The Plan is underfunded relative to claims to be paid – 100% Plan.
    b.  The Plan is inconsistent with Proofs of Claim filed and/or approved by the Court. There are no claims for Pennsylvania Department of Revenue and YATB.
    c.  Secured claims are not in the Plan. *See* claims 9-1 and 11-1.
    d.  The Plan is ambiguous as to the base amount.

4. Trustee avers that Debtor's Plan cannot be administered due to the lack of the following:

    a. Debtor has not provided Trustee with a copy of their 2024 federal income tax return as required by § 521(e)(2)(A).

WHEREFORE, Trustee alleges and avers that Debtor's Plan cannot be confirmed, and therefore, Trustee prays that this Honorable Court will:

    a. deny confirmation of Debtor's Plan;
    b. dismiss or convert Debtor's case; and
    c. provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R. Roeder, Esquire
Attorney for Trustee

CERTIFICATE OF SERVICE

AND NOW, this 17th day of June 2025, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first-class mail, addressed to the following:

Dawn Marie Cutaia, Esquire
Fresh Start Law, PLLC
1701 West Market Street
York, PA 17404

/s/ Derek M. Strouphauer, Paralegal
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee